*Harlan & Dulin,* for Appellee.

---

## JAMES BRANAUGH & SON *v.* ROBERT MILLS.

**Demurrer — Pleading — Ordinary Diligence — Suspension of Courts by Legislative Acts.**

Where the holder of a note fails to bring suit upon same during the life of the obligor, he is ordinarily held to be guilty of negligence. But where the Legislature suspends for a given period all laws requiring Circuit Courts to be held for the trial of causes, and during this suspension the obligor dies, the holder of the note is not held to be guilty of negligence and a lack of diligence in prosecuting his cause should he fail to bring an action on the note until after the death of the obligor. A demurrer to an original and amended bill should, therefore, have been overruled.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

June 1, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellants, as plaintiffs in the court below, brought this suit against the appellee, Robert Mills, to recover upon his alleged liability as survivor of Thomas Hall, deceased, on their assignment of a promissory note on C. E. Merriwether for $1,800, dated the 24th of September, 1860, and payable eight months thereafter to said Mills, who assigned it to the firm of Hall & Mills, consisting of said Hall and himself, who assigned it to the appellants. The petition exhibits a transcript of a suit by the appellants brought on the 9th of February, 1863, on the note in the Christian Circuit Court, against E. G. Sebree, as administrator of Merriwether (alleged to have died in December, 1861), and also exhibits the proceedings and record of a suit of said administrator

against said Merriwether's heirs and creditors by which it ap-
pears, that although Merriwether died possessed of an estate
amounting to $34,659.48, he was so much involved that his gen-
eral creditors could only receive in the distribution of his estate
seven and three-quarters cents upon the dollar of their demands.
It further appears that the administrator, Sebree, resided in Todd
county, which was the county of the intestate's late residence, and
in which the administration was granted, and that before judg-
ment was obtained in the suit in the Christian Circuit Court the
administrator had filed his petition against the appellants and
other creditors of Merriwether in the Todd Circuit Court for a
settlement and distribution of the estate of Merriwether, as an
insolvent estate.    It also appears that in the suit in the Christian
Circuit Court the appellants obtained a judgment against said
administrator on the 31st day of March, 1863, on which an exe-
cution was issued, directed to and received by the sheriff of
Christian county on the 18th day of April, 1863, which was re-
turned indorsed in substance, " no property found." It further
appears that the Christian Circuit Court being held before that
of Todd county, the appellants by suing in Christian were enabled
to obtain judgment sooner than they could have done in Todd
county.

The court having sustained a demurrer to the petition the ap-
pellants filed an amended petition, alleging that from the maturity
of said note till the time of said Merriwether's death he was a
resident of Todd county, and that during that time no Circuit
Court was held in Todd county.   That by an act of the Legislature,
approved May 24, 1861, all the courts of the Commonwealth
were suspended until the 1st day of January, 1862, and that the
fall term of the Todd Circuit Court was, moreover, suspended on
account of the occupancy of the county by the military forces of
the so-called Confederate States, and that no judgment could have
been obtained against Merriwether in his lifetime on the note in
Todd county, or any other county in Kentucky.   That Sebree was
appointed the administrator of Merriwether on the 23d day of
April, 1862, and was then, and continued to be, a resident of Todd
county, but that all the personal estate and most of the real estate
of Merriwether was in Christian county, and that the execution
was issued on the judgment in the Christian Circuit Court " as
soon as the clerk and deputies thereof could issue the same, and

the business of said office would permit, there being a large num-
ber of executions to issue after said term." The amended petition
contains many other averments not deemed necessary to be here
recited.

A demurrer being also sustained to the amended petition, and
the plaintiffs failing further to plead, a judgment was rendered
for the defendant, from which this appeal is prosecuted.

By an act of the Legislature, approved March 1, 1860 (2 Stan-
ton's Rev. Stat. 741), it is provided that the Circuit Court for
Todd county, wherein Merriwether resided, should thereafter be
held, commencing on the third Mondays in April and October,
and by the same act, the terms of the Christian Circuit Court
are fixed to commence on the third Mondays in March and Sep-
tember. But by an act approved May 24, 1861, all laws requiring
Circuit Courts to be held in this State, except for the trial of
causes, other than actions for debt, were repealed until the 1st
day of January, 1862. This act took effect on the very day of
the maturity of the note, and continued in force till after the
death of Merriwether, and would certainly have prevented the
recovery of a judgment against Merriwether if suit had been
brought on the note.

While it is true, as repeatedly held by this court, that the
assignee must use due diligence in commencing and prosecuting
his suit, as well as in enforcing his judgment when obtained, and
to do so, should, as a general rule, bring suit to the first term of
the court at which he can obtain judgment, as was said by this court
in Taylor, etc. v. Daniel, 9 B. Mon. 55, " it never has been held
that the assignee was bound to use all possible diligence in his
remedy against the obligor, but only such diligence as a man of
ordinary prudence would use in the collection of his debts." And
inasmuch as to have brought suit against Merriwether, at any time
while he lived, after the maturity of the note could not have en-
abled the appellants to obtain a judgment against him, and as
the reason which ordinarily exists for requiring suit to be brought
to the first term at which the assignee could sue did not exist in
this case, we think there was no want of diligence in not suing
Merriwether in his lifetime. Nor, regarding the statements of
the petition and amended petition as true, as they are admitted
to be, on demurrer, do we perceive any such a want of diligence

on the part of the appellants afterward as to release the assignor of the note.

Wherefore, the judgment sustaining the demurrer and dismissing the petition is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Stites & Bullitt,* for Appellants.

*Phelps & Campbell,* for Appellee.